UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAIMUNDO ANTONIO HOGAN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 3:19-cv-767-J-32JRK
3:16-cr-139-J-32JRK

## ORDER

Petitioner Raimundo Hogan moves for reconsideration (Civ. Doc. 24) of the Order of August 7, 2020 (Civ. Doc. 23), in which a Magistrate Judge denied Petitioner's Motion Requesting Copy of Court Reporter's Original Sound Tape Pursuant to 28 U.S.C. § 753(b) (Civ. Doc. 21). Petitioner also moves for reconsideration (Civ. Doc. 16) of the Magistrate Judge's Order (Civ. Doc. 15) denying his Motion to Expedite (Civ. Doc. 14). The Court construes both motions as objections under Federal Rule of Civil Procedure 72(a).[1]

---

[1] Although Petitioner filed an appeal from the Order denying a copy of the sound tapes (Civ. Doc. 25), "[a] notice of appeal filed with respect to a non-appealable non-final order does not have any effect on the district court's jurisdiction." Jackson v. Comm'r of Soc. Sec., No. 3:12-cv-957-J-39PDB, 2015 WL 13650915, at *2 (M.D. Fla. May 8, 2015) (citing United States v. Riolo, 398 F. App'x 568, 571 (11th Cir. 2010)). An order denying a § 2255 movant copies of court files is such a non-final order. See United States v. Pace, 111 F. App'x 768, 768-69 (5th Cir. 2004). Therefore, the Court retains jurisdiction to rule on Petitioner's objection regarding the sound tapes.

Petitioner's objection to the Order denying him a copy of the sound tape is due to be overruled. Petitioner contends that the Order was contrary to Hansen v. United States, 956 F.2d 245 (11th Cir. 1992). In Hansen, the Eleventh Circuit held that § 753(b) entitled a § 2255 movant access to the original sound tape of his sentencing hearing, where the transcript was allegedly incomplete, the recording was necessary to prove one of the movant's claims, and the movant offered to pay for the recording. 956 F.2d at 248. However, the Eleventh Circuit qualified its opinion:

> Our holding in this case is specifically limited to the situation when a prisoner seeks access to court files, as opposed to the situations when a prisoner seeks, at government expense, either copies of court files or transcripts of proceedings. Hansen has expressed his willingness to pay for any copies he wishes to make of the records he seeks. Our holding governs only his access to these records.

Id. (emphasis in original) (footnote omitted). In contrast to Hansen, Petitioner does not merely seek access to a sound recording. Rather, Petitioner apparently seeks to obtain a copy of a sound recording without cost, since he has given no indication he is willing to pay for a copy. (Civ. Doc. 21).[2] However, § 753(b) does not provide for the copying of sound recordings at the government's expense.[3]

---

[2] Nor has Petitioner obtained leave to proceed in forma pauperis in this case.

[3] Petitioner contends that the sound recording of the in camera proceedings held on November 14, 2016 would show that trial counsel withheld exculpatory evidence and that he complained about the same to the Court, but that the transcript does not reflect this. (See Civ. Doc. 21). Petitioner did write a letter to the Court in which he complained that counsel (Susan Yazgi) was not investigating certain defenses (Crim. Doc. 27-1, Letter), which is what prompted the in camera hearing. But his contention

2

Petitioner's objection to the Magistrate Judge's Order denying his Motion to Expedite is also due to be overruled. (Civ. Doc. 16). Petitioner claims the Magistrate Judge lacked jurisdiction to rule on that Motion. But 28 U.S.C. § 636(b)(1)(A) provides that "a judge may designate a magistrate judge to hear and determine <u>any</u> pretrial matter pending before the court" except for certain types of motions, of which a motion to expedite is not one (emphasis added).

Accordingly, it is hereby **ORDERED:**

1. Petitioner's motions for reconsideration (Civ. Doc. 16; Civ. Doc. 24) of the Magistrate Judge's Orders, construed as objections under Fed. R. Civ. P. 72(a), are **OVERRULED**.

2. Petitioner's Motion for Leave to Appeal In Forma Pauperis (Civ. Doc. 27) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 19th day of October, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19
c:
Raimundo Hogan
Counsel of Record

---

about what the sound recording would show is dubious because during the hearing itself, Petitioner told the Court that he wished to withdraw the letter, that he knew Ms. Yazgi would assist him with "a proper defense," and that he wished to proceed to trial with Ms. Yazgi. (Crim. Doc. S-93, Transcript of <u>In Camera</u> Hearing at 2, 4).

3