**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RAIMUNDO ANTONIO HOGAN,

      Petitioner,

v.                                    Case No.: 3:19-cv-767-TJC-LLL
                                                    3:16-cr-139-TJC-JRK

UNITED STATES OF AMERICA,

      Respondent.

**ORDER**

Petitioner Raimundo Antonio Hogan moved under 28 U.S.C. § 2255 to vacate his conviction and sentence for one count of possession of a firearm by a convicted felon based on allegations of ineffective assistance of trial counsel, Rehaif error[1], 18 U.S.C. § 922(g)(1)'s asserted vagueness, and actual innocence. The Court denied his Amended § 2255 Motion on October 4, 2021. (Civ. Doc. 46, Order Denying Amended § 2255 Motion; Civ. Doc. 47, Judgment).[2] This case is before the Court on Petitioner's Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) (Civ. Doc. 48) and Motion to Expedite (Civ. Doc. 49).

---

[1]     Rehaif v. United States, 139 S. Ct. 2191 (2019).

[2]     "Civ. Doc. __" refers to docket entries in the civil § 2255 case, No. 3:19-cv-767-TJC-LLL. "Crim. Doc. ___" refers to docket entries in the criminal case, No. 3:16-cr-139-TJC-JRK.

1

Petitioner argues that the Court erred in rejecting two of his claims of ineffective assistance – i.e., Grounds Two and Three – because the decision was based on a prosecutor's misrepresentation at sentencing about the correct investigation number in an ATF interstate nexus report.[3] After reviewing Petitioner's Rule 59(e) Motion and the record, the Court concludes that Petitioner fails to identify newly discovered evidence, a manifest error of law or fact, or any other ground that warrants relief. See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.").

Petitioner could have raised his allegation that the prosecutor misrepresented the ATF investigation number well before now because the alleged misrepresentation occurred at sentencing. See O'Neal v. Kennamer, 958

---

[3] At the beginning of sentencing, Petitioner raised concern that the ATF interstate nexus report contained the name "Jerminh Mose Johnson" in the title of investigation. (See Crim. Doc. 85 at 2–11). According to Petitioner, this proved that the gun charged in the Indictment did not belong to him. The prosecutor responded that the name was a typo and that the report nevertheless contained the correct investigation number. (Id. at 8–9). Although it was "out of procedure," the Court agreed to review the sufficiency of the evidence in light of that issue and because of a discrepancy involving the firearm's serial number. Following that review, the Court determined that the evidence was still sufficient to sustain Petitioner's conviction. (Crim. Doc. 64).

In Grounds Two and Three of the Amended § 2255 Motion, Petitioner alleged that trial counsel was ineffective for failing to bring the ATF interstate nexus report to the jury's attention (specifically, the fact that it named "Jerminh Mose Johnson"). The Court determined that even if counsel performed deficiently by not doing so, Petitioner was not prejudiced. (Civ. Doc. 47 at 20–23). The Court explained that, had trial counsel raised the issue before the jury, the prosecutor would have countered that the name was a typo, that the report contained the correct investigation number, and, importantly, that the evidence and testimony established a straightforward chain of events connecting Petitioner to the gun charged in the Indictment. (Id. at 22–23).

2

F.2d 1044, 1047 (11th Cir. 1992) (Rule 59(e) motions "should not be used to raise arguments which could, and should, have been made before the judgment was issued." (internal quotation marks and citation omitted)). Moreover, any misrepresentation about the correct ATF investigation number – if one occurred – did not affect the outcome of the trial. As the Court explained in its Order denying the Amended § 2255 Motion:

> "[t]he trial evidence set forth a straightforward chain of events linking Hogan to the gun charged in the indictment and tested by ATF." [United States v. Hogan, 778 F. App'x 642, 645 (11th Cir. 2019).] Officer Mills and Darien Thomas each testified that they witnessed Petitioner exit the Ford Explorer holding a gun, which he tossed as he stumbled to the ground. (Crim. Doc. 83 at 33, 63–64, 180–82, 189). Thomas saw the gun land in the grass and stood by it until Officer Mills retrieved it. (Id. at 184–85, 204–05). Officer Mills photographed the gun and the surrounding scene before Officer Faulkner took the gun into evidence. (Id. at 37–45, 71). Officer Faulkner entered the gun into evidence and recorded the serial number KTV892 (id. at 157–63, 172), the same serial number alleged in the Indictment. ATF Special Agent Mark Latham tested the "KTV892" gun and confirmed it was an operable firearm, which had been manufactured in Austria and imported to the United States through Smyrna, Georgia. (Id. at 210–14). Given this straightforward chain of events linking Petitioner to the "KTV892" gun, there is not a reasonable probability the jury would have taken the interstate nexus report to mean that, contrary to all the evidence, Petitioner did not possess the gun. See Strickland, 466 U.S. at 694. Because Petitioner fails to establish prejudice under Strickland, relief on Grounds Two and Three is due to be denied.

(Civ. Doc. 46 at 22–23). Thus, the Court will adhere to its October 4, 2021 Order denying Petitioner's Amended § 2255 Motion. See Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072 (M.D. Fla. 1993) ("The Court's reconsideration of a prior order is an extraordinary remedy. Exercise of this power must of necessity be used sparingly.").

Accordingly, it is hereby **ORDERED:**

1. Petitioner Raimundo Antonio Hogan's Motion for Reconsideration Pursuant to Rule 59(e) (Civ. Doc. 48) is **DENIED**.

2. Petitioner's Motion to Expedite (Civ. Doc. 49) is **DENIED** as moot and unnecessary. When a party timely files a motion under Federal Rule of Civil Procedure 59, the time to file a notice of appeal runs from the entry of the order disposing of that motion. Fed. R. App. P. 4(a)(4)(A).

3. If Petitioner appeals this Order, the Court determines that a certificate of appealability (COA) is not warranted. See 28 U.S.C. § 2253(c).

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of November, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

Lc 19
C:
Counsel of record
Pro se petitioner