# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RAIMUNDO ANTONIO HOGAN,

      Petitioner,

v.                                                    Case No.: 3:19-cv-767-TJC-LLL
                                                                                 3:16-cr-139-TJC-JRK

UNITED STATES OF AMERICA,

      Respondent.

## ORDER

Following a trial, Petitioner Raimundo Antonio Hogan was convicted by a jury of possession of a firearm by a convicted felon. He moved under 28 U.S.C. § 2255 to vacate his conviction and sentence, raising allegations of ineffective assistance of trial counsel, Rehaif error[1], 18 U.S.C. § 922(g)(1)'s asserted vagueness, and actual innocence. The Court denied the Amended § 2255 Motion on October 4, 2021. (Doc. 46, Order Denying Amended § 2255 Motion; Doc. 47, Judgment.) Petitioner moved to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) ("Rule(s)") (Doc. 48), which the Court denied on November 17, 2021 (Doc. 51). He then moved to "reopen" the case under Rule 60(b)(1) (Doc. 53), which the Court denied on December 20, 2021 (Doc. 56).

---

[1]     Rehaif v. United States, 139 S. Ct. 2191 (2019).

In the meantime, Petitioner filed a notice of appeal from the denial of his Amended § 2255 Motion. On March 3, 2022, the Eleventh Circuit Court of Appeals denied a certificate of appealability (COA). (Doc. 57, USCA Order Denying COA.) In doing so, an Eleventh Circuit judge found that reasonable jurists would not find debatable the merits of any underlying claim or the procedural issues Petitioner sought to raise. See id.

Since then, Petitioner has moved to reopen the judgment under Rule 60(d)(3) (Doc. 58), moved for release pending appeal (Doc. 59), moved to sanction the prosecutor (Doc. 62), moved to reopen the judgment under Rule 60(b)(1) (Doc. 64), and filed an "Emergency Petition" to conduct depositions under Federal Rule of Criminal Procedure 15(a)(1) (Doc. 65).

In the Rule 60(d) motion (Doc. 58), Petitioner alleges fraud on the court and tries to relitigate issues about the firearm's serial number and an ATF report, both of which were litigated at trial, on direct appeal, in the § 2255 proceedings, or some combination of the three. In support of the Rule 60(d) motion, Petitioner attaches two exhibits that the Court has already considered. (Doc. 58-1; Doc. 58-2.) The motion and exhibits do not show that the prosecutor committed fraud on the court in the § 2255 proceedings. In the Rule 60(b)(1) motion (Doc. 64), Petitioner says the Court made a mistake of law by not liberally construing his challenge to a defect in the indictment to create the

2

strongest possible argument, presumably referring to his Rehaif claim. (See Civ. Doc. 46 at 23–31.) But Petitioner does not say how else the Court should have construed his Rehaif claim, let alone how doing so would have changed the result. And while courts must liberally construe the pleadings of pro se litigants, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (internal quotation marks and citation omitted). Thus, Petitioner fails to identify a mistake of law that justifies relief from judgment.

The Court has reviewed each of Petitioner's motions and determines that none merits relief. Accordingly, it is hereby **ORDERED:**

1. Petitioner's Motion to Reopen Under Rule 60(d)(3) (Doc. 58), Motion for Release Pending Appeal (Doc. 59), Motion for Sanctions (Doc. 62), Motion to Reopen Under Rule 60(b)(1) (Doc. 64), and "Emergency Petition" to conduct depositions (Doc. 65) are **DENIED**.[2]

2. The "Emergency Petition" to conduct depositions did not present an emergency. The Court warns Petitioner that "[t]he unwarranted designation of a motion as an emergency can result in a sanction."

---

[2] Under Federal Rule of Criminal Procedure 15(a)(1), "[a] party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." This rule is inapplicable because there is no longer a pending criminal proceeding involving Petitioner.

Local Rule 3.01(e) (M.D. Fla.).

3. If Petitioner appeals the denial of his motions, the Court denies a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c).

4. The Court will not entertain any further motions from Petitioner regarding this conviction.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of December, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19

C:
Counsel of record
Pro se petitioner

4